UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHET LEE**,<br>　　　　Plaintiff,<br>　　v.<br>**QUALITY LOAN SERVICE CORPORATION, ET AL.**,<br>　　　　Defendants. | Case No. 16-cv-02415-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Plaintiff Chet Lee brings this action against defendants Quality Loan Service Corporation, Caliber Home Loans, Inc., LSF9 Master Participation Trust, J.P. Morgan Chase Bank, N.A., U.S. Bank, N.A.,[1] as Trustee for LSF9 Master Participation Trust, Washington Mutual Bank, and forty-five unnamed defendants for violations related to a foreclosure. (Dkt. No. 1-1, "Compl.") Specifically, plaintiff alleges that the defendants failed to contact plaintiff to "explore options for avoiding foreclosure" as required by certain laws prior to initiating foreclosure procedures. (*Id.*)

Now before the Court is defendant J.P. Morgan Chase Bank, N.A.'s ("Chase") motion to dismiss the complaint for failure to state a claim. (Dkt. No. 12, "Mtn.") Plaintiff has filed a response (Dkt. No. 20, "Opp'n") and defendant has replied (Dkt. No. 22, "Reply").

Having carefully considered the pleadings and papers submitted, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims against Chase.[2]

**I.  BACKGROUND**

On or about July 20, 2000, plaintiff entered into a loan agreement with Washington Mutual

---

[1] Defendants note that plaintiff erroneously sued U.S. Bank, N.A. as U.S. Bank Trust, N.A.

[2] The Court **VACATES** the hearing currently set on this motion for July 26, 2016.

1    for $350,000.00.  (Compl. ¶ 22.)  As security for the loan, plaintiff executed a deed of trust,

2    mortgaging his property located at 107 Merion, Moraga, California 94556 (the "Property") to

3    Washington Mutual.  (*Id.* at ¶¶ 19, 22.)  At some point, Washington Mutual ceased to exist and

4    defendant Chase acquired all of its assets, allegedly including Washington Mutual's security

5    interest in the Property.  (Dkt. No. 1.)

6    On or about April 14, 2014, Chase substituted the original trustee on the deed of trust with

7    an entity named ALAW, a substitution which plaintiff alleges was executed unlawfully.  (Compl.

8    ¶ 23.)  Around April 15, 2015, plaintiff alleges that Chase "issued a purported assignment of deed

9    of trust, transferring and assigning all beneficial interests under the Note and deed of trust of

10   [p]laintiff's real property to LSF9 Master Participation Trust."  (*Id.* at ¶ 24.)  Then, according to

11   plaintiff, around August 6, 2015, defendants LSF9 Master Participation Trust and Caliber Home

12   Loans transferred the interests under the deed of trust to U.S. Bank, N.A., as trustee for LSF9

13   Master Participation Trust.  (*Id.* at ¶ 26.)  U.S. Bank, N.A., in turn, substituted Quality Loan

14   Service Corporation ("Quality") as the trustee under the deed of trust.  (*Id.* at ¶ 29.)

15   Subsequently, on or about September 23, 2015, Quality recorded a notice of default and

16   election to sell the Property.  (*Id.* at ¶ 31.)  Plaintiff alleges that the notice was "false in that it

17   fail[ed] to properly credit [p]laintiff for the payments [p]laintiff made towards the mortgage and

18   therefore overstates the amount of [p]laintiff's default if any."  (*Id.*)  Additionally, plaintiff alleges

19   that the notice had no force or effect because "neither the loan servicer nor the lender contacted

20   [p]laintiff in person or by telephone to discuss options of avoiding foreclosure as required by the

21   California Homeowner Bill of Rights."  (*Id.*)  On or about January 11, 2016, Quality recorded the

22   notice of trustee's sale, and plaintiff alleges that this, too, was unlawful because it overstated the

23   amount of plaintiff's default and no party contacted plaintiff to discuss options for avoiding

24   foreclosure.  (*Id.* at ¶ 32.)

25   **II.    SUBJECT MATTER JURISDICTION**

26   The Court first addresses plaintiff's contention that it should not rule on the motion to

27   dismiss because the Court lacks subject matter jurisdiction in this case.  Plaintiff originally filed

28   this action in state court alleging violations of California statutory and common laws on March 4,

2016. (Dkt. No. 1-1.) Defendants Caliber Home Loans, Inc., LSF9 Master Participation Trust, and U.S. Bank, N.A., with the consent of all other defendants, filed a Notice of Removal on May 3, 2016 on the basis of the Court's diversity jurisdiction. (Dkt. No. 1.) Plaintiff now argues that complete diversity does not exist, and, therefore, the Court lacks subject matter jurisdiction. Chase argues on reply that the Court need not address this argument because plaintiff has not filed a proper motion to remand.

The Court has an independent obligation to address issues directly related to its subject matter jurisdiction over an action. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by Constitution and statute"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. For the purposes of determining whether complete diversity of citizenship exists, courts ignore the citizenship of "nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citations omitted); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

Here, plaintiff is correct that, at least from the face of the complaint, there is a lack of complete diversity. Both plaintiff and defendant Quality are California citizens. However, as defendants explained in the Notice of Removal—and which plaintiff does not dispute—Quality was sued only "in its capacity as a trustee on the subject deed of trust, in that it filed and served a

1 Declaration of Non-Monetary status in the State Court Action on April 11, 2016, and plaintiff has
2 not filed an objection to that declaration." (Dkt. No. 1); *see* Docket Sheet, *Lee v. Quality Loan*
3 *Service Corporation, et al.*, No. C16-00435 (Cal. Sup. Ct.). Courts have routinely found that
4 parties who have served a declaration of non-monetary status to which no objection is filed are
5 properly deemed as nominal parties for the purposes of determining diversity jurisdiction. *See,*
6 *e.g.*, *Jenkins v. Bank of Am., N.A.*, No. 14-CV-04545, 2015 WL 331114, at *6 (C.D. Cal. Jan. 26,
7 2015) (finding that defendant Quality was a nominal defendant because it had filed a declaration
8 of non-monetary status without objection) (citing cases); *Cabriales v. Aurora Loan Servs.*, No. 10-
9 CV-00161, 2010 WL 761081, at *2 (N.D. Cal. Mar. 2, 2010) (same); *see also* Cal. Civ. Code §
10 2924*l* (stating that a trustee's filing of nonmonetary status without objection obviates any
11 requirement that the trustee "participate any further in the action or proceeding," and the trustee
12 "shall not be subject to any monetary awards as and for damages, attorneys' fees or costs").
13 Accordingly, because Quality filed such a declaration in the state court action without objection,
14 the Court finds that Quality is only a nominal party and is to be disregarded for the purposes of
15 establishing diversity jurisdiction. Thus, the Court finds that complete diversity exists and,
16 therefore, the Court properly can exercise subject-matter jurisdiction over the parties in this
17 action.[3]

18 **III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
19   **A. Legal Standard**
20   Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon
21 which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil
22 Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of
23 sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d
24 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
25 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its

---

[3] There is no dispute that the instant action meets the additional requirement that the amount in controversy exceeds $75,000 here, where the mortgage loan borrowed by plaintiff amounted to $350,000. (Dkt. No. 1.)

4

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw unwarranted inferences.  *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

**B.     Discussion**

Chase argues that the claims against Chase should be dismissed for failure to state a claim because plaintiff failed to allege that Chase was involved in any way in the foreclosure. Additionally, Chase argues that the complaint should be dismissed generally because (i) the complaint contains "vague allegations . . . leveled indiscriminately against six separate [d]efendants" and (ii) each action is based solely on legal conclusions.  (Mtn. 1.)  Because the Court finds Chase's first ground for dismissal sufficient to dismiss plaintiff's claims against Chase, the Court will not address Chase's more general concerns about the sufficiency of the allegations as to the other defendants.

The crux of Chase's argument that the claims against it should be dismissed is that it had

no involvement whatsoever in the allegedly deficient foreclosure, which is the subject of plaintiff's suit. Specifically, Chase notes that it had assigned the deed of trust and transferred all interests under the note and deed of trust to defendant LSF9 Trust. Chase adds that the complaint itself acknowledges this fact, and plaintiff attached to the complaint Chase's assignment of its interests in the Property to LSF9 Trust, executed on April 15, 2015 and recorded with the Contra Costa County Recorder's Office on May 6, 2015. (Mtn. 4 (citing Compl. Ex. C).) The notice of default and notice of sale were not issued to plaintiff until September 23, 2015 and January 11, 2016, respectively, months after Chase had assigned all of its interests in the mortgage to another party.[4]

The Court agrees that plaintiff has failed to allege any claims against Chase in this action. The only relevant allegations as to Chase specifically are that it (i) "unlawfully substituted ALAW as the trustee under the deed of trust executed by [p]laintiff" on April 14, 2014 and (ii) "issued a purported assignment of deed of trust transferring and assigning all beneficial interests under the Note and deed of trust of [p]laintiff's real property to LSF9 MASTER PARTICIPATION TRUST." (Compl. ¶¶ 23–24.) In his opposition, plaintiff argues that Chase's assignment is "void and of no force and effect because [Chase] was not in privity of contract and is not a third party beneficiary under the Note and deed of trust . . . and as such has no cognizable legal authority to assign[] and convey all beneficial interest." (Opp'n 5.) However, plaintiff offers no support for these legal conclusions and offers no reason explaining why Chase lacked the authority to transfer its own rights and interests to another party.

Accordingly, because Chase no longer held any interests in the note and deed of trust in question at the time of the events allegedly giving rise to plaintiff's causes of action, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims as to Chase. In an abundance of caution, the Court grants plaintiff leave to amend his complaint consistent with this Order and with their

---

[4] Chase notes that recently, Judge Alsup dismissed Chase from a similar action directing plaintiff to amend the complaint to substitute Chase with U.S. Bank, the entity to whom Chase had assigned its interest in the loan. *See* Order, *Shchoenbart v. J.P.Morgan Chase Bank, N.A., et al.*, No. 16-CV-00070 (Dkt. No. 37) (Mar. 31, 2016); Minute Entry, *Shchoenbart*, No. 16-CV-00070 (Dkt. No. 38) (Apr. 1, 2016).

obligations under Rule 11 of the Federal Rules of Civil Procedure. The Court **ORDERS** that plaintiff shall file an amended complaint by **August 12, 2016**.

### IV. CONCLUSION

The Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims against Chase for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court **SETS** a compliance hearing for **Friday, August 19, 2016** at **9:01 a.m.** By **August 12, 2016**, plaintiff must file his amended complaint. If no amended complaint is filed as of that date, the Court will consider plaintiff's claims against Chase dismissed with prejudice. If compliance is complete, the Court may vacate the compliance hearing, and plaintiff need not appear.

This Order terminates Docket Number 12.

**IT IS SO ORDERED.**

Dated: July 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**